FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 28, 2022

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ANDREW J.,

Plaintiff,

v.

KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]

Defendant.

No. 2:20-CV-0311-JAG

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 21, 22. Attorney Lora Lee Stover represents Andrew J. (Plaintiff); Special Assistant United States Attorney Frederick Fripps represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

On June 15, 2018, Plaintiff filed an application for Supplemental Security Income alleging disability since June 12, 2002, due to autism and asthma. Tr. 151, 171. The alleged onset date was later amended to the date of the disability

[1]Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

application. Tr. 15. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Donna L. Walker held a hearing on January 14, 2020, Tr. 29-54, and issued an unfavorable decision on February 5, 2020, Tr. 15-24. The Appeals Council denied Plaintiff's request for review on July 10, 2020. Tr. 1-6. The ALJ's February 2020 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 28, 2020. ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff was born in April, 2000, Tr. 40, and was 18 years old on the amended disability onset date, June 15, 2018, Tr. 15, 151. He completed the 12th grade in high school, attending special education classes, Tr. 172, and continued in the school district's secondary transitions program known as "Images," Tr. 38, 40-41, 604.

Plaintiff's disability report indicates he had never worked and believed his conditions became severe enough to keep him from working on June 12, 2002. Tr. 171. However, Plaintiff testified at the administrative hearing that he was able to work eight hours a day, five days a week, week in and week out. Tr. 41. Plaintiff indicated he had an internship with the YMCA and hoped to get a job in teaching and working with children. Tr. 41-42. He stated he had a job coach during his first year in Images, Tr. 42, but he no longer had a job coach at his internship with the YMCA, Tr. 43.

Plaintiff testified he did not know whether he would be able to get an apartment and live on his own but indicated he was able to independently communicate with his doctor's office, school, and internship program; maintain his own bank account; and use public transportation. Tr. 44-46. He stated he socialized with friends, had begun a daily workout routine, did not have difficulty meeting new people, was able to complete chores, and watched YouTube videos

and played a variety of video games he was able to learn on his own. Tr. 47-49. Plaintiff agreed his asthma had not required him to go to a doctor. Tr. 47.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*,

180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On February 5, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 15, 2018, the disability application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: autism spectrum disorder requiring support without intellectual impairment and mild asthma. Tr. 17.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 17.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform a full range of work at all exertional limitations with the following non-exertional limitations: he should avoid concentrated exposure to fumes, odors, dust, gases or poor ventilation; he has the ability to understand, remember or apply information that is simple and routine, commensurate with SVP 2; he would work best in an environment in proximity to, but not close cooperation with, coworkers and supervisors and should work in an environment away from the public; he has the ability, with legally required breaks, to focus

attention on work activities and stay on task at a sustained rate, complete tasks in a timely manner, sustain an ordinary routine, regularly attend work, and work a full day without needing more than the allotted number or length of rest periods; and he would work best in an environment that is routine and predictable, but does have the ability to respond appropriately, distinguish between acceptable and unacceptable work performance, and be award of normal hazards and take appropriate precautions. Tr. 19.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 23.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of Laundry Worker II, Dishwasher, and Office Cleaner I. Tr. 23-24.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from June 15, 2018, the disability application date, through the date of the ALJ's decision, February 5, 2020. Tr. 24.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends as follows:

(1) the ALJ erred in evaluating Plaintiff's testimony;

(2) the ALJ erred in assessing Plaintiff's RFC;

(3) the ALJ posed an incomplete hypothetical to the vocational expert; and

(4) the ALJ erred in finding Plaintiff to be capable of substantial gainful activity at Step Five of the sequential evaluation process.

ECF No. 21 at 8.

## DISCUSSION

### A. Plaintiff's Subjective Complaints

Plaintiff challenges the ALJ's determination that Plaintiff's subjective allegations are not entirely consistent with the evidence of record. ECF No. 21 at 11-12. Defendant responds that substantial evidence supported the ALJ's assessment of Plaintiff's subjective complaints. ECF No. 22 at 3-7.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 20.

The ALJ first determined Plaintiff's allegations of disabling physical and mental impairments were not consistent with the objective medical evidence of record. Tr. 20-21.

A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991); *Robbins v. Soc. Sec. Admin.*, 466 F3d 880, 883 (9th Cir. 2006).

///

As noted by the ALJ, with regard to Plaintiff's physical complaints, Plaintiff reported in September 2017 that he had not used an inhaler in two years. Tr. 20, 315. He reported only a history of mild exercise-induced asthma at the time. Tr. 315. Plaintiff also had no asthma complaints in September 2018 and his exam was within normal limits. Tr. 20, 413. Plaintiff reported to only having symptoms with exercise. Tr. 413. At the administrative hearing, Plaintiff agreed that his asthma had not required doctor visits. Tr. 47.

With respect to Plaintiff's mental impairments, the ALJ acknowledged Plaintiff had a history of mild to moderate autism spectrum disorder. Tr. 20. However, Plaintiff's Individualized Education Program (IEP) showed Plaintiff met the standards for graduation and was working on vocational skills to work in the education field. Tr. 20, 249-255. Plaintiff testified he had an internship with the YMCA and hoped to get a job in teaching and working with children. Tr. 41-42. Plaintiff was observed as being punctual and respectful, Tr. 286, and a September 2018 psychological evaluation revealed Plaintiff was cooperative and had adequate eye contact, normal speech, and intact memory and cognition, Tr. 402-405. Tr. 20-21. Any difficulties noted in the IEP and psychological exam were accounted for in the ALJ's RFC assessment. *See* Tr. 19 (finding Plaintiff would work best in an environment in proximity to, but not close cooperation with, coworkers and supervisors and should work in an environment away from the public and would work best in an environment that is routine and predictable).

Although Plaintiff does have impairments and limitations, the Court finds the objective medical evidence of record demonstrates Plaintiff was not prohibited from performing all work as he has alleged.

The ALJ also indicated Plaintiff gave inconsistent statements regarding his symptoms and limitations. Tr. 21.

In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness

and inconsistencies in claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). When a claimant fails to be a reliable historian, "this lack of candor carries over" to other portions of his testimony. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

While Plaintiff alleged he could not work due to his autism spectrum disorder, Tr. 171, Plaintiff specifically testified at the administrative hearing that he believed he could work eight hours a day, five days a week, week in and week out, Tr. 41. Tr. 21. The ALJ appropriately found this inconsistency detracted from Plaintiff's overall believability.

Finally, the ALJ mentioned Plaintiff's activities tended to show greater abilities than alleged. Tr. 21.

It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). For daily activities to discount subjective symptom testimony, the activities do not need to be equivalent to full-time work; it is sufficient that a claimant's activities "contradict claims of a totally debilitating impairment." *See Molina v. Astrue*, 674 F.3d 1104, 1112-1113 (9th Cir. 2012).

As indicated by the ALJ, Plaintiff testified he did not know whether he would be able to get an apartment and live on his own but indicated he was able to independently communicate with his doctor's office, school, and internship program; maintain his own bank account; and use public transportation. Tr. 21, 44-46. Plaintiff also stated he socialized with friends, had begun a daily workout routine, did not have difficulty meeting new people, was able to complete chores, and watched YouTube videos and played a variety of video games he was able to learn on his own. Tr. 47-49.

It appears reasonable for the ALJ to have concluded Plaintiff's activities were inconsistent with his allegations of totally disabling symptoms and thus detracted from his overall credibility.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g).

After reviewing the record, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case.

**B. RFC Determination**

Plaintiff next asserts the ALJ's RFC determination does not accurately assess the limitations imposed by his autism. ECF No. 21 at 13. Plaintiff presents a cursory argument that the ALJ erred by not acknowledging Plaintiff would require a job coach to be successful at work and that his limitations would cause him to be off task. *Id.* Defendant responds that the ALJ reasonably found Plaintiff did not require a job coach or extra support to function in a job. ECF No. 22 at 7-8.

Plaintiff offers no support or citation to the record for his bare assertion that he required a job coach and would be off task. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (the Court will not ordinarily consider matters on appeal that were not specifically and distinctly argued in a party's opening brief). The Court nevertheless finds the ALJ did not err in her overall assessment of the evidence of record in this case.

Although Roxanne Coast, a case manager with Plaintiff's transitions program, wrote that Plaintiff would need job coaching to obtain and maintain paid employment, Tr. 235, the ALJ specifically found this opinion unpersuasive because Ms. Coast did not describe the coaching that would be necessary and the

opinion was speculative at that time. Tr. 22. Plaintiff did not contest the reasons provided by the ALJ for discounting Ms. Coast's statement. In any event, the opinion of Ms. Coast is not supported as Plaintiff testified he had a job coach during his first year in the transitions program, Tr. 42, but did not have a job coach at his later internship with the YMCA, Tr. 43. Moreover, as noted by the ALJ, no medical source of record has endorsed disabling physical or mental impairments, Tr. 21 (indicating all medical opinions are in opposition to a finding of physical and/or mental disability in this case), or the need for the amount of support Plaintiff has alleged.

The Court finds the ALJ did not err in her assessment of the evidence of record and the ALJ's RFC determination is supported by substantial evidence and free of legal error.

**C. Step Five**

Plaintiff contends the ALJ erred at Step Five of the sequential evaluation process because the ALJ did not accurately assess the vocational expert's testimony regarding how Plaintiff's need of a job coach would affect his employability. ECF No. 21 at 13. Defendant responds that the ALJ's conclusion at Step Five is supported by substantial evidence. ECF No. 22 at 8-9.

At Step Five, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations.'" *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995)). The Commissioner considers the claimant's RFC, age, education, and work experience in order to determine if the claimant is able to perform a job in the national economy. 20 C.F.R. § 416.920(a). The ALJ may also rely on the testimony of a vocational expert for information on what occupations a claimant can perform given his or her RFC. 20 C.F.R. § 416.966(e); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

Plaintiff has not demonstrated that the ALJ erred with respect to her analysis of the medical opinion evidence of record or that the ALJ's RFC determination lacks support. The Court finds the ALJ's RFC determination is supported by substantial evidence in this case.

At the administrative hearing, the vocational expert testified that with the RFC assessed by the ALJ, Plaintiff retained the capacity to perform a significant number of jobs existing in the national economy, including the positions of Laundry Worker II, Dishwasher, and Office Cleaner I. Tr. 51-52. Since the vocational expert's testimony was based on a properly supported RFC determination by the ALJ, the Court finds the ALJ did not err at Step Five of the sequential evaluation process in this case.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error. Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 22**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for DEFENDANT and the file shall be CLOSED**.

DATED March 28, 2022.




JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE